UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONS LENDING CORP., | ) | CASE NO. 1:23-cv-00876 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| JASON SCHULTZ, | ) | **ORDER** |
| | ) | |
| Defendant | ) | |
| | ) | |

Before this Court is Defendant's motion for reconsideration of the state court's Order denying his motion to dismiss for lack of personal jurisdiction. (Doc. No. 6.)  For the reasons that follow, this motion is DENIED.

The crux of Defendant's argument is that this Court must reconsider the state court's order because it presumably ignored a Wisconsin court case that provides that the forum-selection and choice-of-law provisions are enforceable, which are the sole stated basis in Plaintiff's complaint for Ohio courts having personal jurisdiction over Defendant.  (Doc. No. 6 at PageID 496; Doc. No. 1-1 at PageID 5.)  Defendant argues that this Court should apply the Wisconsin case and dismiss him for lack of personal jurisdiction.  (*See id.*)

"A federal court sitting in diversity applies the substantive law of the forum state in determining whether a forum-selection clause provides the proper basis for personal jurisdiction over the defendant."  *Demag Cranes & Components Corp. v. Pinnacle Indus. Servs.*, No. 1:19CV2209, 2021 WL 1525427, at *4 (N.D. Ohio Apr. 19, 2021) (citing *Preferred Capital, Inc.*

*v. Sarasota Kennel Club, Inc.*, 489 F.3d 303, 306 (6th Cir. 2007)); *see also Wong v. PartyGaming, Ltd.*, 589 F.3d 821, n.6 (6th Cir. 2009).

Given that Defendant's reconsideration motion cites absolutely no Ohio caselaw standing for the proposition that the Ohio state court misapplied its own law in determining that the forum selection clause provided a valid basis for personal jurisdiction, Defendant has not met its burden of demonstrating why, as he contends, there is a "need to correct a clear error of law or prevent manifest injustice."[1] (Doc. No. 6 at PageID 495 (quoting *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)).)

Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

**Date**: June 9, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[1] Although not prompted to answer this question by Defendant's motion, the Court notes that Ohio courts enforce forum selection clauses in employment contracts unless the party shows: "(1) that the contract was the result of fraud or overreaching; (2) that the enforcement would violate strong public policy of the forum state; and (3) that enforcement under the particular circumstances of the case would result in litigation in a jurisdiction so unreasonable, difficult and inconvenient that the challenger would for all practical purposes be deprived of his day in court." *IntraSee v. Ludwig*, 2012-Ohio-2684, 2012 WL 2236609, at *2 (Ohio Ct. App. 2012) (quoting *Buckeye Check Cashing of Arizona, Inc. v. Lang*, No. 2:06-CV-792, 2007 WL 641824, at *5 (S.D. Ohio Feb. 23, 2007)).  The motion provides no basis for believing that any of these exceptions apply.